UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trevis Rashad Eady, | ) C/A No. 9:11-01695-JMC-BM |
| Petitioner, | ) |
| v. | ) Report and Recommendation |
| Director, Charleston County Detention Center, | ) |
| Respondent. | ) |

Trevis Rashad Eady, proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Charleston County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges a violation of his right to a speedy trial. ECF No. 1, page 8. Petitioner also complains of an excessive bond, and seeks immediate release from detention. *Id.* at 11.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).



a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case,  see *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

However, having reviewed the Petition in accordance with applicable law, even when considered under this less stringent standard, the undersigned concludes that it should be summarily dismissed.  A review of the Petition reveals that if fails to allege facts which set forth a claim currently cognizable in a federal district court.  See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

As noted, Petitioner is a pre-trial detainee in a Charleston, South Carolina, detention center. Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction.  Although *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him,'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.)), generally "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43-44 (citation omitted).  From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to



determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Petitioner states that he is currently detained pending trial on charges of murder, possession of a weapon during a violent crime, two drug related offenses, and resisting arrest. ECF No. 1, page 3. It appears Petitioner was arrested on March 26, 2009, for resisting arrest and two drug offenses. He was then charged with murder and possession of a weapon on April 15, 2009, and indicted for those two offenses on October 5, 2009. *Id.* at 8. Hence, as Petitioner clearly indicates that an ongoing state criminal proceeding exists, the first prong of the abstention test is satisfied. The second criteria has been addressed by the Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Therefore, the second prong of the abstention test is also satisfied.

With respect to the third criteria, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26. *See also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)), with courts essentially looking to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v.*



3

*DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).  Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.*; *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)  (double jeopardy claim entitled to pretrial habeas intervention because "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial).  In this case, Petitioner indicates he is represented by counsel.  ECF No. 1, page 9.  While less than pleased with the actions of his attorneys, Petitioner states that they have made several speedy trial motions on his behalf, as recently as April 8, 2011.  *Id.*  It is also noted that the online records for Charleston County reflect than an order was issued on April 13, 2011, directing that Petitioner's trial be heard on or before July 1, 2011, or a bond reduction would be allowed.  *See Charleston County Common Pleas and General Sessions Public Index*, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (Last visited July 27, 2011).[2]

Where the right asserted may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent.  *Moore*, 515 F.2d at 449.  In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal.  *Id.* at 443.  *See also United States v. MacDonald*, 435 U.S. 850 (1978); *Brazell v. Boyd*, No. 92-7029, 1993 WL 98778 at *2 (4th Cir. Feb. 10, 1993)(finding district court should abstain from considering a speedy trial claim pursuant to *Younger*,

---

[2]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States.  *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that  postings on government websites are inherently authentic or self-authenticating); and *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011).



even if the case were properly exhausted); *Dickerson*, 816 F.2d at 226-27. Since Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.[3] *Cf. Cave v. Royster*, No. 09-2638, 2009 WL 3835036 (D.S.C. Nov. 16, 2009).

### Recommendation

Accordingly, it is recommended that the Court dismiss the Petition *without prejudice* and without requiring the respondents to file an answer. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).

The Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 2, 2011
Charleston, South Carolina

---

[3] It is noted that Petitioner's excessive bond claim likewise fails. Petitioner states "[m]y bail is set at $500,000 dollars which is too high for me to make." ECF No. 1, page 8. However, bail is not excessive within the meaning of the Eighth Amendment merely because a detainee cannot pay it. *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir.)(collecting cases); *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968); *Nelson v. NFN Kitchen*, C/A No. 6:09-567-JFA-WMC, 2009 WL 1140361 at *4 (D.S.C. April 27, 2009). Therefore, Petitioner's excessive bail claim is also subject to summary dismissal.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

